73 So.2d 103

## STROUD v. STATE.

### 6 Div. 792.

Court of Appeals of Alabama.

May 25, 1954.

590

Wm. Conway, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant's conviction rests upon a Solicitor's complaint which, omitting the formal parts, charged that he "did transfer the registration of a motor vehicle owned by him while his registration had been suspended under the provisions of Act No. 704, General and Local Acts of Legislature of Alabama of 1951, without first satisfying the Director of the Department of Public Safety of Alabama that such transfer was not made for the purpose or with the effect of defeating the purpose of Act No. 704, supra," etc.

That part of Act 704, supra, appears as now as Sec. 74(71), Title 36, Code of Alabama, Pocket Part, and the portion pertinent to this appeal reads as follows:

"If an owner's registration has been suspended hereunder, such registration shall not be transferred nor the motor vehicle in respect of which such registration was issued registered in any other name until the director is satisfied that such transfer of registration is proposed in good faith and not for the purpose or with the effect of defeating the purposes of this subdivision."

The evidence is without conflict to the effect that this appellant had previously been convicted of driving while intoxicated on 16 September 1952; that thereafter appellant's driver's license and registration were suspended by the Department of Public Safety on 29 September 1952, and the appellant was duly notified. A day or so after such notification the registration plates on appellant's automobile were taken up by an officer of the Highway Patrol.

The evidence further shows that after this the appellant sold his automobile to Johnnie Lee Stroud.

According to the appellant he told Johnnie Lee at the time of sale that he could use it if he could get plates, his having been surrendered. It appears that Johnnie Lee did obtain registration plates, but these too were taken from him by the Department of Public Safety.

After this the appellant talked to a Mr. DeMarco who operated a cement block plant across the street from Johnnie Lee's house, and in whose yard the automobile was sitting. Mr. DeMarco offered to buy the car and appellant sold his equity in it to him, a finance company having a first lien on it.

As to whether DeMarco ever obtained any registration plates for the car is not shown by the record.

Being convinced that under all the evidence the appellant was entitled to have given his written request for the affirmative charge, we will confine our review to that aspect of the case, pretermitting consideration of numerous other points argued by counsel for appellant as constituting error.

The complaint charged that appellant "did transfer the registration of a motor vehicle" etc.

In the defining clauses of the Motor Vehicle Safety-Responsibility Act, Sec. 74 (42) (k), Title 36, Code of Alabama 1940, Pocket Part, "Registration" is defined as being: "Registration certificate or certificates and registration plates issued under the laws of this state pertaining to the registration of motor vehicles."

No evidence was introduced by the State tending to show the transfer of any certificates or certificate of registration. As the definition of "registration" appears in the Motor Safety-Responsibility Act, supra, it must consist of both registration certificate *and* registration plates, the two terms being used in the definition in the conjunctive. Further, the evidence fails to show a transfer by the appellant of any registration plates. In fact the evidence presented by the State refutes the possibility of any such transfer since the plates were taken into possession by the State officers prior to any sale of the car by the appellant and thus were beyond appellant's power to transfer.

A mere sale of the automobile by the appellant of his interest in the automobile can not be deemed a transfer of the registration of the automobile. If a purchaser from the appellant obtained registration plates for the automobile after the sale, such would be the act of the purchaser, not of the appellant. Certainly there is no evidence in this case tending to show that this appellant in anywise "transferred the registration" of an automobile owned by him. This being so the lower court erred in its refusal of appellant's written request for the affirmative charge with hypothesis.

Reversed and remanded.